**SO ORDERED.**

**SIGNED this 14 day of February, 2008.**



_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

DESIGNATED FOR ON LINE USE BUT NOT FOR PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In Re:

DANIEL MATTHEW QUICK and
AMY MELINDA QUICK,

                 DEBTORS.

CASE NO. 07-21791
CHAPTER 13

**MEMORANDUM OPINION AND ORDER
DENYING GMAC'S OBJECTION TO CONFIRMATION**

The matter under advisement is GMAC's objection to confirmation of Debtors' proposed plan which provides for payment in full of a 910 claim by surrender of the collateral. Debtors Daniel Matthew Quick and Amy Melinda Quick (hereafter "Debtors") appear by Russell Cloon, of Cloon Legal Services. Creditor GMAC LLC (hereafter "GMAC") appears by Marilyn J.

Washburn, of Riezman Berger, P.C. There are no other appearances. The Court has jurisdiction.[1]

**FINDINGS OF FACT.**

On August 20, 2005, Debtors financed the purchase a 2005 Chevrolet Trailblazer with GMAC and gave GMAC a security interest in the vehicle. Less than 910 days later, on August 17, 2007, Debtors filed for relief under Chapter 13.

On August 17, 2007, Debtors filed their proposed Chapter 13 plan. As to secured creditors, the plan provides:

> If the debt is secured by a purchase money security interest in the vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, . . . the creditor shall be paid the amount of its claim at 0% interest. If the property securing the debt is surrendered, the debt shall be deemed to be satisfied in full by such surrender, and no deficiency claim may be filed or enforced either before or after confirmation.

With respect to GMAC's claim secured by the Trailblazer, the plan provided for surrender.

On August 22, 2007, GMAC filed a proof of claim for $34,283.32, secured in full by the Trailblazer. The Chapter 13 Trustee objected to GMAC's proof of claim as filed and recommended that the claim be: "Not allowed for the following reason: PER DEBTORS' FILED PLAN, COLLATERAL BEING SURRENDERED IN FULL SATISFACTION OF DEBT."

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. An objection to confirmation is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(L). There is no objection to venue or jurisdiction over the parties.

2

On August 29, 2007, GMAC filed a motion for relief from stay as to the Trailblazer. On the same day, GMAC objected to confirmation of Debtors' proposed plan, contending its claim "should be allowed an unsecured claim for the remaining deficiency afer the sale of the vehicle." The motion for stay relief was granted by order filed on October 2, 2007.

Although notice with opportunity for hearing was given with respect to the Chapter 13 Trustee's objection to GMAC's claim, there was no objection, and an order granting the objection was filed on October 9, 2007. It provided that the claim of GMAC "should be, and hereby is, disallowed" for the reason that "PER DEBTORS' FILED PLAN, COLLATERAL BEING SURRENDERED IN FULL SATISFACTION OF DEBT."

On October 29, 2007, GMAC filed an amended proof of claim, for $26,012.54, the amount of the deficiency remaining after sale of the Trailblazer, assessment of expenses of sale, and credit for unearned insurance premiums.

**ANALYSIS AND CONCLUSIONS OF LAW.**

GMAC's objection to confirmation raises the unsettled issue whether pursuant to the amendment of 11 U.S.C. 1325(a) by the BAPCPA, which added the problematic "hanging paragraph" following § 1325(a)(9),[2] surrender of the Trailblazer satisfies GMAC's claim in full. Section 1325(a)(5) provides that with respect to a secured claim, the plan may be confirmed if (A) the creditor accepts the plan; (B) the plan provides for retention of the lien and certain plan payments; or (C) the debtor surrenders the collateral to such holder. The hanging paragraph

---

[2] Neither GMAC nor the Debtors contend that the conditions of the hanging paragraph are not satisfied.

3

Case 07-21791    Doc# 52    Filed 02/14/08    Page 3 of 7

specifies special treatment for certain secured consumer debt, often referred to as "910-claims." It provides as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing;

GMAC contends that construing the hanging paragraph to mean that surrender under § 1325(a)(5)(C) constitutes full satisfaction is an "absurd meaning" which takes away secured creditors' long established right to a deficiency under state law. It urges the Court to follow *In re Wright*,[3] and similar cases, which hold that providing § 506 does not apply to § 1325(a)(5) leaves the parties to their contractual entitlements under state law, including the right to an unsecured deficiency claim if, following surrender, the collateral sale brings less than the amount of the claim. The Debtors respond that the hanging paragraph expressly applies to surrender under § 1325(a)(5)(C) and dictates that there is no unsecured portion of a claim to which the hanging paragraph applies, such that surrender satisfies the claim in full. Debtors also argue that the order sustaining the Chapter 13 Trustee's objection to GMAC's proof of claim binds GMAC to surrender in full satisfaction.

First, the Court considers the effect of the order filed on October 9, 2007, sustaining the Chapter 13 Trustee's objection to GMAC's initial proof of claim. The reason for the Trustee's objection was the conflict between GMAC's proof of claim and the proposed plan's provision for

---

[3] *In re Wright*, 492 F.3d 829 (7th Cir. 2007).

4

satisfaction of the claim in full by surrender of the Trailblazer. GMAC did not respond to the Trustee's objection to its claim, and the claim has been disallowed based upon the full satisfaction provision of the plan. GMAC has not sought reconsideration.[4]

Nevertheless, the Court holds that the granting of the Trustee's objection does not bar consideration of GMAC's objection. The claim was disallowed based upon the assumed validity of the surrender in full satisfaction provision of the plan. This is the very provision which GMAC challenges in its objection to the plan, which was pending when the order disallowing the claim was entered. Because the order disallowing the claim will be effective only if the full satisfaction upon surrender provision is confirmed, the prior order does not bar GMAC's objection to confirmation.

Second, the Court considers the merits of the competing constructions of the hanging paragraph. If this Court were writing on a clean slate, it would examine issues of statutory construction, legislative history, state law rights, and the reasoning of other courts which have construed the hanging paragraph in the context of plans providing for surrender of 910 collateral.

---

[4] See 11 U.S.C. § 502(j). The Court does not construe GMAC's objection to confirmation as a motion to reconsider since the objection to the plan was filed just one day after the Chapter 13 Trustee's objection to GMAC's proof of claim and over one month prior to the Court's order sustaining the Trustee's objection.

5

But the slate is not clean.[5] The Tenth Circuit BAP, in *Quick*,[6] an opinion arising from rulings in two separate Chapter 13 cases, has held that debtors' plans proposing surrender of 910 collateral pursuant to § 1325(a)(5)(C) in full satisfaction of the claims were authorized by the Code. The BAP affirmed the bankruptcy court's denial of the secured creditor's objection to the debtors' plans because they did not provide for an unsecured claim for any deficiency following sales of the collateral. The panel stated, "[T]he hanging paragraph unambiguously precludes application of § 506 to the entirety of § 1325(a)(5), and no bifurcation of allowed secured claims may be effected in the exercise of any of a 910 debtor's three options under § 1325(a)(5)."[7]

Although this Court does not believe that the BAP decision is binding precedent which as a matter of law must be followed, it does regard the decision as persuasive authority which should be followed in the absence of compelling reasons to depart. There are no such reasons here. A review of a sample of the many decisions construing the hanging paragraph when plans provide for surrender of 910 collateral causes this Court to conclude that there are compelling arguments on both sides of the question. This Court's expressing its view would add little to the body of case law. Further, there will soon be binding precedent, as *Quick* is on appeal to the

---

[5] This Court's opinion in *In re Lane*, 374 B.R. 830 (Bankr. D. Kan. 2007) did not construe the hanging paragraph as allowing surrender in full satisfaction pursuant to § 1325 (a)(5)(C). In that case, where the confirmed plan provided for the debtors to retain the 910 collateral and make payments in accord with § 1325(a)(5)(B), debtors sought to amend the plan after the collateral was destroyed. The Court allowed amendment of the plan and held the plan as amended could terminate payments on the 910 claim as of the date of destruction and pay the remaining portion of the creditor's claim as an unsecured claim. However, it expressly found that § 1325(a)(5)(C), the plan option which is at issue in this case, was not available when collateral is destroyed postconfirmation and determined the hanging paragraph was not relevant to the creditor's post destruction right to payment.

[6] *DaimlerChrysler Financial Services Americas, LLC v. Quick (In re Quick)*, 371 B.R. 459 (10th Cir. BAP 2007).

[7] *Id*., 371 B.R. at 463-64.

6

Tenth Circuit.  If in this case, GMAC wishes to preserve its rights in the event that *Quick* is reversed, it may appeal this decision.

**CONCLUSION.**

For the foregoing reasons, the Court denies GMAC's objection to Debtors' proposed plan which provides surrender of the Trailblazer to GMAC constitutes payment in full of GMAC's claim.  The order sustaining the Chapter 13 Trustee's objection the GMAC's claim does not bar the Court's consideration of GMAC's objection to the plan.  As to the allowance of the plan's treatment of secured 910 claims, the Court elects to follow *Quick* and holds that the hanging paragraph following § 1325(a)(9) applies to plans which propose to surrender 910 collateral pursuant to § 1325(a)(5)(C) and bars the allowance of an unsecured deficiency claim following GMAC's disposition of the Trailblazer.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.  A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###